UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK PAOLUCCIO and LAIRD J. HEAL, | ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | NO. 17-11918-TSH |
| v. | ) ) | |
| WELLS FARGO, N.A., AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERVICES 2006-PR2 TRUST, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, MORTGAGE CONTRACTING SERVICE LLC, D/B/A MORTGAGE CONTRACTING SERVICE, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 and JOHN DOE 4, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT (Docket No. 29)**

**January 11, 2019**

**HILLMAN, D.J.**

Mark Paoluccio ("Mr. Paoluccio") and Laird J. Heal ("Plaintiff") brought this action asserting claims of forceable entry (Count I), breach of contract (Count II), trespass to chattel (Count III), conversion (Count IV), and breach of fiduciary duty (Count V). Defendants subsequently filed a motion for summary judgement. (Docket No. 29). For the reasons stated below, Defendants' motion is ***granted***.

**Background**

On June 19, 2017, Mr. Paoluccio and Plaintiff filed a Complaint in Worcester Superior Court alleging Defendants breached the mortgage granted to Mr. Paoluccio ("the Mortgage") and that Defendants converted some of Plaintiff's personal possessions.

Plaintiff, who has been a tenant at the property since 2010, claims that before foreclosure, Defendants wrongfully entered the property and stole his possessions. Plaintiff claims that his possessions are worth $305,000. Most significantly, Plaintiff alleges Defendants took a rare gold coin worth $300,000.

On February 5, 2018, Wells Fargo foreclosed on the Mortgage and, on March 5, 2018, Mr. Paoluccio voluntarily dismissed his claims against Defendants.

## **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the moving party shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute precludes summary judgment if it is both "genuine" and "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "genuine" when the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it might affect the outcome of the suit under the applicable law. *Id*.

The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support

the nonmoving party's case.'" *Rakes v. United States*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005), *aff'd*, 442 F.3d 7 (1st Cir. 2006) (quoting *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). Once the moving party shows the absence of any disputed material fact, the burden shifts to the non-moving party to place at least one material fact into dispute. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (citing *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548). When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

## Discussion

*1. Count II*

Plaintiff alleges that Defendants breached the Mortgage by failing to provide notice of their intent to inspect the Property. Defendants argue that the claim must be dismissed because Plaintiff was not a party to the Mortgage and consequently lacks privity to assert a breach of contract claim.

According to Massachusetts law, a breach of contract claim requires the plaintiff either be in privity of contract or establish that he was an intended third-party beneficiary. *See Monahan v. Town of Metheun*, 408 Mass. 381, 391, 558 N.E.2d 951 (1990) (holding that the "contract claims must fail" since "[t]here is no allegation of any privity of contract . . . And there is no indication or argument presented which would allow the [plaintiffs] to recover under a third party beneficiary theory."); *Orell v. UMass Memorial Medical Center, Inc.*, 203 F. Supp. 2d 52, 68 (D. Mass. 2002) ("Because plaintiff has failed to allege privity of contract between her and the defendants or that she was a third-party beneficiary to the contract . . . her breach of contract claims . . . will be dismissed.").

In order to be a third-party beneficiary to a contract, a party must demonstrate that the "'language and circumstances of the contract' show that the parties to the contract 'clearly and definitely' intended the beneficiary to benefit from the promised performance." *Doherty v. Admiral's Flagship Condominium Trust*, 80 Mass. App. Ct. 104, 111 (2011) (quotation marks and citation omitted). In *Cumis Ins. Soc. Inc. v. BJ's Wholesale Club, Inc.*, the Supreme Judicial Court affirmed the dismissal of a third-party beneficiary claim where the plaintiffs' complaint "assert[ed] merely the conclusion that they were third-party beneficiaries to the defendants' agreement without setting forth any factual allegations concerning the defendants' intentions." 455 Mass. 458, 467, 918 N.E.2d 36 (2009); *see also Boston Executive Helicopters, LLC v. Maguire*, 196 F. Supp. 3d 134, 142 (D. Mass. 2016) ("[The plaintiff] has not alleged that any language in the prime lease, other than a boilerplate contemplation of the possibility of future sublease agreements, bestowed third-party beneficiary status on [the plaintiff] (or any other past of future sublessee).").

Here, Plaintiff is not in privity of contract and has also not demonstrated that he is an intended third-party beneficiary. Plaintiff contends that "[i]f one looks at the Mortgage, one will see that the property is envisioned as rented out." (Docket No. 33, at 3). Like in *Cumis*, however, Plaintiff has failed to present sufficient factual allegations to find that he was an intended third-party beneficiary to the Mortgage. While the Mortgage may anticipate the property being rented, just like "the boilerplate contemplation of future sublease agreements" in *Maguire*, it is not enough to conclude from this generic language that Plaintiff was contemplated as a third-party beneficiary. *Maguire*, 196 F. Supp. 3d at 142.

### 2. *Counts I, III, & IV*

In Counts I, III, and IV, Plaintiff alleges that Defendants wrongfully entered the Property and "transported" and "dispossessed" him of his personal property. Plaintiff claims the property

4

is worth $305,000. Most relevant here, Plaintiff alleges that the gold coin is worth $300,000. Defendants argue that, if they are found liable, Plaintiff's recovery should be capped at $2,150 based on Plaintiff's prior appraisals of the coin in a 2001 bankruptcy proceeding. In that proceeding, Plaintiff admits that he assigned a value of $500 to his "Coin, Books, CD, Tapes." (Docket No. 34, ¶ 20). Plaintiff does not dispute that the coin in that proceeding is the same coin at issue in this case. He argues, however, that he was mistaken as to the value of the coin at the time of the previous appraisal. *Id.*

I find that Plaintiff is bound by the value he assigned to the coin in his bankruptcy proceedings. *See Guay v. Burack*, 677 F.3d 10, 19 (1st Cir. 2012) ("[T]he integrity of the bankruptcy process is sufficiently important that we should not hesitate to apply judicial estoppel even where it creates a windfall for an undeserving defendant."); *Schomaker v. United States*, 334 Fed.Appx. 336, 340 (1st Cir. 2009) (holding that the plaintiff was "estopped from seeking to recover for the loss of that property in this case because, to the extent that he now claims over $34,000 in damages resulting form that loss, his position seems to be intentionally inconsistent with his sworn statements in the bankruptcy proceeding that the property was worth less than $1,000"). Thus, Plaintiff's recovery for the coin will be capped at the inflation-adjusted $500 valuation from his 2001 bankruptcy proceeding.

### 3. Count V

In Count V, Plaintiff claims that Defendants breached their fiduciary duty and states, "Plaintiff Mark Paoluccio demands the Court judgement for the damages, for punitive damages and a permanent injunction against further interference with his rights as the owner of the Property." (Docket No. 1 ¶¶ 61-66).

To assert a claim for breach of fiduciary duty, Plaintiff must demonstrate "1) existence of a fiduciary duty arising from a relationship between the parties, 2) breach of that duty, 3) damages and 4) a causal relationship between the breach and the damages." *Questec, Inc. v. Krummenacker*, 367 F. Supp. 2d 89, 97 (D. Mass. 2005) (citing *Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153, 164 (1999)). "A fiduciary duty exists 'when one reposes faith, confidence, and trust in another's judgment and advice.'" *Doe v. Harbor Sch., Inc.*, 446 Mass. 245, 251, 843 N.E.2d 1058 (2006) (quoting *Van Brode Group, Inc. v. Bowditch & Dewey*, 36 Mass. App. Ct. 508, 516 (1994)).

The Complaint does not plead that a fiduciary relationship existed between Plaintiff and Defendants. If Plaintiff were in privity of contract or an intended third-party beneficiary to the Mortgage, Defendants may have owed him a fiduciary duty. *See, e.g.*, *LeBlanc v. Logan Hilton Joint Venture*, 463 Mass. 316, 328, 974 N.E.2d 34 (2012) ("Where a contractual relationship creates a duty of care to third parties, the duty rests in tort, not contract."). As discussed above, however, this is not such a case. Accordingly, Defendants owed Plaintiff no fiduciary duty and Count V must also be dismissed.

## Conclusion

For the reasons stated above, Defendants' motion (Docket No. 29) is ***granted***. Accordingly, Counts II and V are dismissed. In addition, Plaintiff's recovery for the lost coin in Counts I, III, and IV will be capped at the inflation-adjusted valuation from his 2001 bankruptcy proceeding.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**