# United States Court of Appeals
## For the First Circuit

Nos. 21-1817
      22-1346

LAIRD J. HEAL,

Plaintiff - Appellant,

MARK PAOLUCCIO,

Plaintiff,

v.

WELLS FARGO, N.A., as Trustee for WaMu Mortgage Pass-Through Certificates Services 2006-PR2 Trust; JPMORGAN CHASE BANK, N.A.; MORTGAGE CONTRACTING SERVICES, LLC, d/b/a Mortgage Contracting Services,

Defendants - Appellees,

JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4,

Defendants.

Before

Kayatta, Howard and Gelpí,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: January 17, 2023

      In appeal 21-1817, pro se plaintiff-appellant Laird Heal appeals from the district court's summary-judgment and other rulings disposing of his claims against defendant-appellees. Heal also challenges a number of discovery and evidentiary rulings preceding the summary judgment rulings, as well as the denial of his motions for sanctions, to amend the operative complaint, and to amend the judgment. In appeal 22-1346, Heal challenges the district court's denial of a post-judgment motion to amend the complaint.

We have considered each of the arguments developed in the opening brief, and the discussion of specific points herein should not be read to suggest that the court did not consider any specific argument or point not expressly mentioned. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (insufficiently developed claims waived). After a careful review of the record, the submissions of the parties, and the reasoning provided by the district court, we affirm the challenged rulings, substantially for the reasons set forth in the district court's various Memoranda and Orders. See Local Rule 27.0(c); see also Estate of Bennett v. Wainwright, 548 F.3d 155, 165 (1st Cir. 2008) (summary judgment standard of review and general principles); see also Pina v. Children's Place, 740 F.3d 785, 790–91 (1st Cir. 2014) (abuse of discretion review generally applies to district court's discovery rulings); Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 31 (1st Cir. 2004) (court generally reviews evidentiary rulings, including those undergirding summary judgment rulings, for abuse of discretion).

In particular, we agree with the district court that there was no triable question with respect to whether entries for purposes of inspecting and securing the relevant real property were authorized and properly noticed under the terms of the operative mortgage agreement, given the uncontroverted evidence regarding the status and condition of the property at relevant times. We also agree that there was no genuine issue of material fact as to whether the alleged conversion or removal of Heal's personal property by employees or agents of the defendant-appellees would have fallen within the scope of their employment, as required for defendant-appellees to be held vicariously liable for any conversion or trespass to chattels.

Moreover, we conclude that the district court properly disposed of Heal's claims for breach of contract and breach of fiduciary duty on the grounds that Heal, a rental tenant, was neither a party to nor an intended beneficiary of the operative mortgage agreement. See Anderson v. Fox Hill Vill. Homeowners Corp., 676 N.E.2d 821, 822 (Mass. 1997)(in order for a third party to enforce a contract, the intention for the contract to benefit the third party must be "clear and definite").

We further discern no abuse of discretion in the challenged rulings preceding the summary judgment rulings, including the district court's decisions resolving the numerous motions to strike or to exclude certain statements and evidence and the district court's denials of Heal's motions to amend the complaint and judgment. See, e.g., Lennon v. Rubin, 166 F.3d 6, 8 (1st Cir. 1999) ("We review the district court's decision as to the evidentiary materials it will consider in deciding a motion for summary judgment only for a clear abuse of discretion.")(internal citation omitted); United States v. Shay, 57 F.3d 126, 134 (1st Cir. 1995)(erroneous evidentiary ruling requires reversal if "the exclusion results in actual prejudice because it had a substantial and injurious effect or influence"); see also Windross v. Barton Protective Servs., Inc., 586 F.3d 98, 104 (1st Cir. 2009) (denial of motion to amend complaint reviewed for abuse of discretion).

Turning to appeal 22-1346, through which Heal challenges the district court's denial of a post-judgment motion to amend the operative complaint, we discern no error or abuse of discretion as to the district court's ruling. See Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 538 (1st Cir. 2011) ("The law in this circuit is clear that a district court may not accept an amended complaint after judgment has entered unless the judgment is set aside or vacated under Rules 59 or 60."); Windross, 586 F.3d at 104 (standard of review).

Heal's remaining claims of error are unconvincing. The rulings and judgment of the district court are **affirmed** in all respects. <u>See</u> Loc. R. 27.0(c). Any remaining pending motions, to the extent not mooted by the foregoing, are **denied**.

By the Court:

Maria R. Hamilton, Clerk

cc:
Laird James Heal
Anne Dunne
Tonya M. Esposito
Maura Katherine McKelvey
Marissa I. Delinks
Hale Yazicioglu Lake
Samuel Craig Bodurtha
Kevin William Manganaro
Mark Paoluccio